UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>Petitioner,<br><br>v.<br><br>ROBERT BURTON, Acting Warden,<br><br>Respondent.[1] | NO. CV 20-5940-AB (AGR)<br><br>OPINION AND ORDER ON SECOND OR SUCCESSIVE PETITION |

Because Petitioner previously challenged the same underlying state-court judgment in a prior habeas action that the Court dismissed with prejudice, and because Petitioner lacks Ninth Circuit authorization to file a second or successive habeas petition, the Court lacks jurisdiction over the Petition for Writ of Habeas Corpus.

---

[1] Petitioner listed "State of California" as the Respondent. Petitioner is currently incarcerated at the California Health Care Facility ("CHCF") in Stockton, CA. According to the California Department of Corrections and Rehabilitation ("CDCR")'s website, Robert Burton is the Acting Warden at CHCF. Pursuant to Fed. R. Civ. P. 25(d), the Court substitutes Robert Burton as the proper Respondent. *See Rumsfield v. Padilla*, 542 U.S. 426, 435 (2004) (proper respondent is "person who has the immediate custody of the party detained").

# I.

## PROCEDURAL HISTORY

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of California in *Merriman v. Lizarraga*, No. CV 17-8303-AB (AGR) (C.D. Cal. Oct. 16, 2018) ("*Merriman I*").

On February 14, 2013, Petitioner pled no contest to one count of kidnapping, one count of second degree robbery, admitted that he used a deadly and dangerous weapon in the commission of the offenses, and had suffered a prior serious or violent felony conviction. On December 19, 2013, the court sentenced Petitioner to 24 years in state prison. *People v. Merriman*, No. B254085, 2015 Cal. App. Unpub. LEXIS 83, at *2-5 (Cal. Ct. App. Jan. 6, 2015).

On January 6, 2015, the California Court of Appeal affirmed the judgment in full. *Id.* at *1. Petitioner did not file a petition for review. (*Merriman I*, Dkt. No. 23 at 6.)[2]

### A. State Habeas Petitions

On October 3, 2016, a Los Angeles County Superior Court denied a state habeas petition. (*Merriman I*, Dkt. No. 13-4 at 2-3.) The Superior Court denied a second state habeas petition on April 21, 2017. (*Id.*, Dkt. No. 13-5 at 2.) On June 9, 2017, the Superior Court denied a third state habeas petition. (*Id.*, Dkt. No. 13-7 at 2.)

On October 4, 2017, the California Court of Appeal summarily denied a state habeas petition. (*Id.*, Dkt. No. 13-9 at 2; Case number B285374.) On February 14, 2018, the California Supreme Court summarily denied a state

---

[2] Citations are to the page and document numbers generated by the Case Management/Electronic Case Filing ("CM/ECF") system in the header of the documents.

habeas petition.  (*Merriman I*, Dkt. No. 13-11; Case number S245803.)

On September 5, 2018, the California Court of Appeal summarily denied a state habeas petition. (Case number B292256.)[3]  On April 24, 2019, the California Supreme Court summarily denied a state habeas petition.  (Case number S252733.)[4]

### B. *Merriman I*: CV 17-8303

On November 6, 2017, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, before this Court in *Merriman I*.  (Dkt. No. 1 at 50 (proof of service).)  On August 21, 2018, the magistrate judge issued a Report and Recommendation ("Report") finding that the Petition was untimely and barred by the statute of limitations and recommended that judgment be entered denying the petition and dismissing the action with prejudice.  (*Merriman I*, Dkt. No. 23 at 8-13.)

On October 16, 2018, the district court entered an order accepting the Report, entered judgment denying the Petition and dismissing the action with prejudice, and also denied a Certificate of Appealability.  (*Id.*, Dkt. Nos. 25-27.)

### C. *Merriman II*: CV 19-5757

On June 19, 2019, Petitioner constructively filed a Petition in *Merriman v. Lizarraga*, No. CV 19-5757 (C.D. Cal. 2019) ("*Merriman II*").  (Dkt. No. 1 at 53.) Petitioner again challenged the same state court conviction and sentence that he previously challenged in *Merriman I*.  (*Merriman II*, Dkt. No. 1 at 2, 5-6, 14-28.)

---

[3] Docket information available on California Appellate Courts website at: https://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=2&doc_id=2261201&doc_no=B292256&request_token=NiIwLSIkTkw4WyBRSCJdXE9IIEw6USxTKiI%2BTz9SUCAgCg%3D%3D.

[4] Docket information available on California Appellate Courts website at: https://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=0&doc_id=2271426&doc_no=S252733&request_token=NiIwLSIkTkw4WyBRSCJdWE5IIFA0UDxTJiI%2BWzlTQCAgCg%3D%3D.

On August 13, 2019, this Court dismissed the Petition as second or successive, entered judgment and denied a certificate of appealability. (*Merriman II*, Dkt. Nos. 5-7.)

### D. Application to File Successive Petition in Ninth Circuit

On August 23, 2019, Petitioner filed, in the Ninth Circuit, an application for leave to file a second or successive petition. The Ninth Circuit denied the application. *Merriman v. Martel*, 2019 U.S. App. LEXIS 28635 (9th Cir. Sept. 20, 2019).

### E. *Merriman III*

On June 21, 2020, Petitioner constructively filed the Petition for Writ of Habeas Corpus in this case. (Dkt. No. 1.)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" Petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

The instant Petition is second or successive because Petitioner again challenges the same state court conviction and sentence that he previously challenged in *Merriman I*. In the Petition that he filed in *Merriman I*, Petitioner raised the following three grounds for relief: (1) ineffective assistance of counsel based on failure to accurately represent the evidence and failure to accurately

4

advise Petitioner before entering the no-contest plea; (2) the court failed to conduct a hearing pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970) on Petitioner's ineffective assistance of counsel claim; and (3) the court abused its discretion by not allowing Petitioner a reasonable time to prepare for the hearing to withdraw the plea. (*Merriman I*, Dkt. No. 1 at 5-10, 20-27.) On October 16, 2018, the district court entered an order accepting the Report, entered judgment denying the Petition and dismissing the action with prejudice, and also denied a Certificate of Appealability. (*Id.*, Dkt. Nos. 25-27.)

In *Merriman II*, Petitioner again challenged the same underlying conviction and sentence. Petitioner raised the following grounds for relief: (1) the court erroneously determined that Petitioner suffered a prior strike conviction for the sentencing enhancement; (2-3) trial counsel's ineffective assistance undermined the voluntary and intelligent nature of the plea; and (4) ineffective assistance of counsel on appeal. (*Merriman II*, Dkt. No. 1 at 5-6, 13-28.) This Court denied the Petition as second or successive.

On August 23, 2019, Petitioner filed, in the Ninth Circuit, an application to file a second or successive petition. Petitioner challenged the use of a prior conviction to enhance his sentence in the underlying California criminal case. Petitioner contended that the use of his prior robbery conviction based on a plea agreement in Oregon state court was unconstitutional in the California criminal case because his counsel in Oregon failed to inform him that he was pleading to a "priorable offense." (9th Cir. Case No. 19-72142, Dkt. No. 1, 5.) The Ninth Circuit denied the application for leave to file a second or successive petition. *Merriman v. Martel*, 2019 U.S. App. LEXIS 28635 (9th Cir. Sept. 20, 2019).

In *Merriman III*, Petitioner asserts a single ground for relief based on Cal. Penal Code § 1016.8. (Petition, Dkt. No. 1 at 5-6.) Petitioner concedes that § 1016.8 "is not, by its plain meaning, retroactive itself, nor is it intended to function

5

to invalidate a sentence enhancement by a prior conviction where a defendant was not advised of future adverse consequences." (*Id.* at 6.) Indeed, it does not appear that § 1016.8 has any application to Petitioner's case.[5]

A Petition is second or successive "if the facts underlying the claim occurred by the time of the initial petition" and "if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied Brown v. Hatton*, 139 S.Ct. 841 (2019) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007); *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Thus, the instant Petition is second or successive.

A review of the Ninth Circuit's online database indicates that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Court therefore dismisses the Petition as a second or successive Petition for which it lacks jurisdiction. The Clerk is directed to send Petitioner a copy of Ninth Circuit Form 12 so that he can provide the necessary information to the Ninth Circuit for such an application.

---

[5] Section 1016.8 provides, in relevant part: "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." Cal. Penal Code § 1016.8(b). Petitioner does not identify any such waiver in the plea agreement in the Oregon state case or the California state case.

## III.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: September 22, 2020

_____
ANDRE BIROTTE JR.
United States District Judge